CASE # 22-2815 AND 22-2881
IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

ALAN BRAID, MD                                              APPELLANT

V.           District Court # _____ (I disremember.)

OSCAR STILLEY                                         CROSS APPELLANT

V.

OSCAR STILLEY; FELIPE GOMEZ                                 APPELLEES

**APPELLEE/CROSS APPELLANT OSCAR STILLEY'S MOTION
TO DISMISS CROSS APPEAL AND ISSUE THE CUSTOMARY
SCHEDULING ORDER UNDER A CONSISTENT SHORT TITLE,
WITH INCLUDED BRIEF**

Comes now Stilley Oscar Stilley (Stilley) and for his motion states:

1. The last vestiges of Stilley's hope to prosecute a cross appeal evaporated when he was locked up in jail on November 21, 2022.

2. Stilley has exerted best efforts to inform this Court of his situation. The notice of change of address, filed contemporaneously with this pleading, explains this odd behavior. The short explanation is that Stilley can't buy stamps at all, including "extra ounce" stamps, and thus must be creative to prosecute this appeal with any semblance of effectiveness.

3. Stilley by this means has become able to send the Court pleadings in two envelopes, which provides enough writing room for Stilley to say what he wants to say.

4. Stilley requests that this Court dismiss his cross appeal and issue the standard and customary briefing schedule.

1

5. Stilley does not request or want any extensions of time due to his incarceration.

6. The Rule 26.1 filings of the parties show that both Stilley and Felipe Gomez agree that the short title should be "Alan Braid, MD v. Oscar Stilley et al."

7. Stilley is firmly committed to staying in this litigation and prosecuting same to its logical conclusion. Felipe Gomez appears to be interested in taking an exit ramp.

8. The interests of justice and continuity militate in favor of the short title "Alan Braid, MD v. Oscar Stilley et al," or "Braid v. Stilley et al." Such a short title is the one least likely to require any change.

9. Stilley has inquired of opposing counsel, who have stated that they don't oppose Stilley's requested short title.

**BRIEF IN SUPPORT**

Eric Robert Rudolph is known as the Atlanta Olympics bomber. He bombed abortion clinics. He committed murder and mayhem. Stilley has read the book about his life and what he did.

Rudolph got a laptop computer in his cell, with which to write and communicate and collaborate with his lawyer. This was just and right. No murderer should be left with the excuse that he was denied due process. The maxim of the English common law is that it is better for 19 guilty to go free than for one innocent man to be punished.

Barring some fortuitous improvement in circumstances, Stilley planned to dismiss his cross appeal in this case, on November 28, 2022. He was locked up on a revocation of supervised release, on November 21, 2022. He spent the first week in the "covid pod," in which he was locked in a cell 23 hours per day, sometimes more.

Since then he has worked feverishly against absurd limitations, to perfect a direct appeal of the revocation of his supervised release, culminating with 3 months in custody and re-imposition of 33 months of supervised release under the same *admittedly impossible* special conditions of release. He has already filed a motion seeking relief at the US Supreme Court.

Is Stilley less worthy of due process than Eric Robert Rudolph? Surely the answer to that question is "no."

Stilley is in the de facto custody of the US Marshal Service, but the paperwork says "BOP." Thus in reality Stilley is in the custody of the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP, or just "BOP).

Stilley has already made an offer of 10 computers, along with everything else necessary to make those computers highly effective at protecting the due process rights of persons in custody. Stilley has assisted not less than 10 other persons to make the same offer. The DOJ-FBOP and the proper assistant in the US Attorney General's office have all studiously avoided any substantive response to any of these offers. They acknowledge receipt and give a date for a more substantive response. That's the last we hear of them.

Where will the money come from? We already pay vastly more for vastly less. We could pay for the best computers, office equipment, services, supplies, and support, on half the rates we currently pay for phone and video calls. Basically, Stilley has invited various custodial officials to give up their lucrative hustles in favor of giving inmates due process. The responsible officials always clam up. They know that cheating inmates out of due process is highly lucrative for them.

Stilley has spent 10 years 4 months 10 days in federal prison, before spending some 2 years on home confinement. During the prison years Stilley has spent more than 400 days in Special Housing Unit (SHU, or jail for the prison) on about 14 separate hunger strikes. Stilley has been force fed by nasogastric tube 8 times, and threatened with it many more times.

Stilley presumes that this Court would grant Stilley an extension until he leaves jail. That's not what Stilley wants. There is no reason that inmates shouldn't get due process at least as effective as that accorded to persons on the street. We can share equipment and teach each other. That is naturally a cheaper option than a full office with many subscriptions (Westlaw, Adobe, newspapers, etc) operated for the benefit of one or a few individuals.

We already pay the full cost of the best equipment and software for due process. We just don't get it.

You can read the offer of donation, and sample cover letter, at www.bustingthefeds.com. The book is on the home page. You can click through to

4

open the chapters and appendices. The appendices are labeled. Hard copy of the book is available on Amazon.

Stilley has been locked up for over 30 days. He has gotten nothing but privileged mail. A letter from Mother, law books, and the docket and docket items for the petition to revoke have arrived long ago. He subscribed to Wall Street Journal (first edition a week ago) hoping this would get the mail supervisor to start delivering mail. Nothing works. The jail refuses to deliver this mail. Stilley has made repeated polite request. He gets mostly absurdities in response.

This is emphatically NOT a threat to hunger strike. Stilley seeks only those things that society claims to accord to inmates as a matter of human right. Stilley however submits this promise NOT to hunger strike,[1] if the following accommodations are made.

1) All mail to be delivered on a schedule no less favorable than that represented to the American Correctional Association (ACA) in the self-assessment provided to ACA for the inspection December 6-8, 2022.

2) Accept the donation of 10 computers, peripherals, service, software, support, etc., set forth as an appendix to *Busting the Feds: How to Effectively Defend Yourself Against Federal Criminal Charges*, to be made available in Stilley's housing unit and/or a central law library, during all reasonable hours.

---

[1] A promise not to hunger strike under certain conditions is not the same as a threat to hunger strike. Stilley reserves the right not to hunger strike, for any reason or for no reason at all.

3) Provide meals at least as good, as to quantity, variety, and quality, as those prescribed by the DOJ-FBOP meal rotations, recipes, etc. At the present time, meals are 500-700 calories per day short of that needed to maintain a healthy body weight, yet the guards are trained to dump extra food in the trash to prevent hungry inmates from getting it.

4) Cell doors open from 6:00 AM to 10:00 PM daily, save for the time essential for counts. No more hassling inmates for leaving their cell door open. Housing units (pods) J-13 and J-15 don't even allow this form of harassment, since they don't have doors on their cells. No group punishment. Give Stilley the full ACA self-assessment, and start keeping their word instead of making excuses.

In essence, Stilley makes this claim. He is not less deserving of due process, peaceful petition, and other basic human rights than Eric Robert Rudolph. So what that some courts will take pleadings in any format, give extensions, etc? That's not what Stilley seeks. He seeks the same rights and responsibilities imposed on litigants who haven't lost their liberty.

Please continue to use Stilley's contact information set forth below, including phone and email. Efforts will be made to maintain communication, even if Stilley goes on hunger strike. *(See Prayer below)*

By: /s/ Oscar Stilley
Oscar Stilley, Inmate # 1189798

12-23-2022
Date

6

David L. Moss Correctional Center
300 North Denver
Tulsa, OK 74103
479.384.2303
oscarstilley@gmail.com

## PRISON MAILBOX RULE CERTIFICATE OF SERVICE

Stilley by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient US postage attached, addressed to the Clerk of the Court for filing and service via CM/ECF. ~~Stilley has also mailed a copy of this pleading to: Solicitor General, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.~~

Prayer for relief
1) Dismiss cross appeal
2) Issue customary scheduling order
3) Adopt short title consistent with paragraphs 6-9 on page 2.