No. 22–2815

# In the United States Court of Appeals for the Seventh Circuit

| | | |
|---|---|---|
| ALAN BRAID, M.D., | ) | Appeal from the U.S. District |
| | ) | Court for the Northern District |
| *Plaintiff-Appellant*, | ) | of Illinois |
| | ) | |
| v. | ) | No. 1:21–CV–5283 |
| | ) | |
| FELIPE N. GOMEZ, et al., | ) | |
| | ) | The Hon. Judge |
| *Defendants-Appellees.* | ) | Jorge L. Alonso, Presiding |
| | ) | |
| | ) | |

## BRIEF AND REQUIRED SHORT APPENDIX OF PLAINTIFF-APPELLANT DR. ALAN BRAID

David L. Franklin
Suyash Agrawal
Massey & Gail LLP
50 E. Washington St., Ste. 400
Chicago, IL  60602
(773) 510-5923

Marc Hearron
Center for Reproductive Rights
1634 Eye St. NW, Ste. 600
Washington, DC 20006
(202) 524-5539

Alethea Anne Swift
Massey & Gail LLP
1000 Maine Ave. SW, Ste. 450
Washington, DC 20024
(202) 964-7678

Richard W. Hess
Abigail C. Noebels
Susman Godfrey LLP
1000 Louisiana St., Ste. 5100
Houston, TX 77002
(713) 653-7816

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 22-2815

Short Caption: Alan Braid v. Felipe Gomez, et al

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

     Plaintiff Alan Braid

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

     Massey & Gail LLP, Susman Godfrey LLP, Center for Reproductive Rights

(3)    If the party, amicus or intervenor is a corporation:

     i)      Identify all its parent corporations, if any; and

        N/A

     ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b)   Organizational Victims in Criminal Cases:

     N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

     N/A

---

Attorney's Signature: _David Franklin_         Date: October 14, 2022

Attorney's Printed Name: David L. Franklin

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☑   No ☐

Address: Massey & Gail LLP, 50 E Washington Street, Suite 400

       Chicago, Illinois 60602

Phone Number: (773) 510-5923        Fax Number: (312) 379-0467

E Mail Address: dfranklin@masseygail.com

rev. 12/19 AK

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 22-2815

Short Caption: Alan Braid v. Felipe Gomez, et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
    Plaintiff Alan Braid

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
    Massey & Gail LLP, Susman Godfrey LLP, Debevoise & Plimpton LLP, Center for Reproductive Rights

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

           N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

           N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: s/ Marc Hearron      Date: October 19, 2022

Attorney's Printed Name: Marc Hearron

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes _____    No ☑

Address: 1634 Eye St., N.W., Suite 600

         Washington, DC 20006

Phone Number: 202.524.5539      Fax Number: N/A

E-Mail Address: mhearron@reprorights.org

rev. 12/19 AK

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 22-2815

Short Caption: Alan Braid v. Felipe Gomez, et al.

  To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

  The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐  **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Plaintiff Alan Braid

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Massey & Gail LLP, Susman Godfrey LLP, Center for Reproductive Rights

(3)  If the party, amicus or intervenor is a corporation:

i)  Identify all its parent corporations, if any; and

N/A

ii)  list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

N/A

(4)  Provide information required by FRAP 26.1(b)  Organizational Victims in Criminal Cases:

N/A

(5)  Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: *Alethea Anne Swift*     Date: January 3, 2023

Attorney's Printed Name: Alethea Anne Swift

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  Yes ☐  No ☑

Address: 1000 Maine Ave. SW, Suite 450

Washington, DC 20024

Phone Number: 202-964-7678     Fax Number: 312-379-0467

E Mail Address: aswift@masseygail.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 22-2815

Short Caption: Alan Braid, M.D. v. Felipe N. Gomez, et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Dr. Alan Braid

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Massey & Gail LLP; Susman Godfrey, LLP; the Center for Reproductive Rights

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        n/a

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        n/a

(4)    Provide information required by FRAP 26.1(b)   Organizational Victims in Criminal Cases:

    n/a

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    n/a

---

Attorney's Signature: /s/ Suyash Agrawal        Date: 2/16/2023

Attorney's Printed Name: Suyash Agrawal

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☐  No ☑

Address: 50 E Washington St. Suite 400, Chicago IL 60602

Phone Number: 312-283-1590        Fax Number: 312-379-0467

E Mail Address: sagrawal@masseygail.com

rev. 12/19 AK

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 22-2815

Short Caption: Alan Braid, M.D. v. Felipe N. Gomez, et al.

 To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

 The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☑ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

 Dr. Alan Braid

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

 Massey & Gail, LLP; Susman Godfrey, LLP; the Center for Reproductive Rights

(3) If the party, amicus or intervenor is a corporation:

 i) Identify all its parent corporations, if any; and

  n/a

 ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

  n/a

(4) Provide information required by FRAP 26.1(b) Organizational Victims in Criminal Cases:

 n/a

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

 n/a

---

Attorney's Signature: /s/ Abigail C. Noebels   Date: 2/16/2023

Attorney's Printed Name: Abigail C. Noebels

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes ☐ No ☑

Address: Susman Godfrey LLP, 1000 Louisiana, Suite 5100, Houston, TX 77002

Phone Number: 7136587816     Fax Number: n/a

E Mail Address: anoebels@susmangodfrey.com

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 22-2815 and 22-2881

Short Caption: Alan Braid v. Felipe Gomez, et al.

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Plaintiff Alan Braid

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Massey & Gail LLP, Susman Godfrey LLP, Debevoise & Plimpton LLP, Center for Reproductive Rights

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b)   Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

---

Attorney's Signature: s/ Richard W. Hess         Date:  November 8, 2022

Attorney's Printed Name:  Richard W. Hess

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).   Yes ☐  No ☑

Address:  1000 Louisiana Street, Houtson, TX 77002

Phone Number: 713-651-9366         Fax Number:  713-654-6666

E Mail Address: rhess@susmangodfrey.com

rev. 12/19 AK

# TABLE OF CONTENTS

DISCLOSURE STATEMENT .................................................................... ii

TABLE OF CONTENTS ................................................................... viii

JURISDICTIONAL STATEMENT ................................................... 1

I.     District Court Jurisdiction .................................................... 1

II.    Appellate Court Jurisdiction ................................................ 2

INTRODUCTION ................................................................................. 4

STATEMENT OF THE CASE ............................................................. 6

I.     Factual Background ............................................................... 6

       A. Texas enacts S.B. 8, a six-week abortion ban with an
          exclusively private, bounty-style enforcement scheme. ......... 7

       B. Dr. Braid's violation of S.B. 8 elicits competing lawsuits
          from Defendants-Appellees as well as a potential fourth
          suit. ......................................................................................... 9

II.    Procedural Background ....................................................... 11

       A. Dr. Braid files this action in the nature of interpleader to
          resolve the competing claims against him. ............................ 11

       B. The district court denies Gomez's multiple motions to
          dismiss. .................................................................................... 13

       C. Gomez pursues a new S.B. 8 case against Dr. Braid, but
          the district court enjoins him from proceeding. ................... 14

       D. The district court reiterates that it has subject-matter
          jurisdiction but dismisses the interpleader action on
          abstention grounds .................................................................. 15

E. The injunction's dissolution frees Gomez to file and prosecute S.B. 8 actions against Dr. Braid. ........................... 17

SUMMARY OF ARGUMENT .................................................. 19

STANDARD OF REVIEW ..................................................... 21

ARGUMENT ......................................................................... 22

I.   The district court's dismissal of this action was based on an inapplicable doctrine and should be reversed ............................... 22

   A. After correctly concluding that it had subject-matter jurisdiction, the district court had a duty to exercise that jurisdiction. ................................................................ 22

   B. The district court improperly relied on *Wilton/ Brillhart* abstention to dismiss Dr. Braid's interpleader complaint. ................................................................... 25

      1.   Dr. Braid seeks more than declaratory relief, and his non-declaratory claims are independent ................... 25

      2.   The state actions are not parallel ........................... 28

      3.   The cases relied on by the district court are inapposite ........................................................................ 32

CONCLUSION ...................................................................... 35

CIRCUIT RULE 30(D) CERTIFICATION .............................. 36

11291449v1/017333

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron v. Mahl,*
  550 F.3d 659 (7th Cir. 2008)..................................................... 13, 22, 23

*Ankenbrandt v. Richards,*
  504 U.S. 689 (1992)........................................................................ 28

*Arnold v. KJD Real Est., LLC,*
  752 F.3d 700 (7th Cir. 2014)...................................................25, 26, 28

*AXA Corporate Solutions v. Underwriters Reins. Corp.,*
  347 F.3d 272 (7th Cir.2003)............................................................. 28

*Brillhart v. Excess Ins. Co. of Am.,*
  316 U.S. 491 (1942)........................................................................ 26

*City of Fishers, Indiana v. DIRECTV,*
  5 F.4th 750 (7th Cir. 2021) ........................................................ 24, 25

*Colo. River Water Conservation Dist. v. United States,*
  424 U.S. 800 (1976)................................................................... 26, 28

*Dobbs v. Jackson Women's Health Org.,*
  No. 19-1392, 597 U.S. ___ (2022) ........................................................ 9

*Envision Healthcare, Inc. v. PreferredOne Ins. Co.,*
  604 F.3d 983 (7th Cir. 2010)...................................................21, 25, 28

*FreeEats.com, Inc. v. Indiana,*
  502 F.3d 590 (7th Cir. 2007)............................................................. 34

*Gomez v. Braid,*
  No. 2022CI08302 (45th Dist. Ct., Bexar Cnty., Tex., Dec.
  12, 2022) ...................................................................................... 17

*Gomez v. Braid,*
  No. 5:22-cv-00871 (W.D. Tex. Aug. 8, 2022) ................................. 17, 18

11291449v1/017333

*Gomez v. Texas*,
No. 2022CI21049 (407th Dist. Ct., Bexar Cnty., Tex., Oct.
24, 2022) ..................................................................... 18

*Hartford Life Ins. Co. v. Solomon*,
910 F. Supp. 2d 1075 (N.D. Ill. 2012) ......................... 33

*Heller Fin., Inc. v. Prudential Ins. Co. of Am.*,
371 F.3d 944 (7th Cir. 2004)........................................ 12

*Huon v. Johnson & Bell, Ltd.*,
657 F.3d 641 (7th Cir. 2011)........................................ 28

*In re Shannon D. Thomason*,
No. 55561 (118th Dist. Ct. Howard Cnty., Tex., July 7,
2022) ............................................................................ 10

*Int'l Coll. of Surgeons v. City of Chicago*,
153 F.3d 356 (7th Cir. 1998)........................................ 34

*J.B. v. Woodard*,
997 F.3d 714 (7th Cir. 2021)........................................ 24

*Koehring Co. v. Hyde Const. Co.*,
424 F.2d 1200 (7th Cir. 1970)........................... 29, 31, 32

*Med. Assur. Co. v. Hellman*,
610 F.3d 371 (7th Cir. 2010)........................................ 21

*New Orleans Pub. Serv., Inc. v. Council of City of New
Orleans*,
491 U.S. 350 (1989)...................................................... 24

*Principal Life Ins. Co. v. Crane*,
2016 WL 1270516 (N.D. Ill. 2016)............................... 33

*R.R. Comm'n of Texas v. Pullman Co.*,
312 U.S. 496 (1941)........................................... 15, 16, 34

*R.R. Street & Co., Inc. v. Vulcan Materials Co.*,
569 F.3d 711 (7th Cir. 2009)............................. 25, 26, 27

xi

*State Farm Fire & Cas. Co. v. Tashire*,
  386 U.S. 523 (1967) ..................................................................... 1, 23

*Tafflin v. Levitt*,
  493 U.S. 455 (1990) ........................................................................ 31

*Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.*,
  448 F.2d 501 (7th Cir. 1971) ........................................................ 23

*US Fire Ins. Co. v. Asbestospray, Inc.*,
  182 F.3d 201 (3rd Cir. 1999) ................................................... 32, 33

*Whole Woman's Health v. Jackson*,
  142 S. Ct. 522 (2021) ....................................................................... 7

*Whole Woman's Health v. Jackson*,
  642 S.W.3d 569 (Tex. 2022) ............................................................ 7

*Willcox v. Consolidated Gas Co.*,
  212 U.S. 19 (1909) ......................................................................... 24

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995) ....................................................................... 26

*Wisconsin Right to Life State Pol. Action Comm. v. Barland*,
  664 F.3d 139 (7th Cir. 2011) ........................................................ 21

*Younger v. Harris*,
  401 U.S. 37 (1971). Dist. Ct. Dkt. 109 ..................................... 16, 34

**Statutes**

28 U.S.C. § 1291 .................................................................................. 2

28 U.S.C. § 1335 .......................................................................... *passim*

28 U.S.C. § 1397 .................................................................................. 2

28 U.S.C. § 2201 ................................................................................ 26

28 U.S.C. § 2361 ................................................................................ 14

42 U.S.C. § 1983 ................................................................................. 17

Declaratory Judgment Act ................................................ 4, 19, 25, 26

Tex. Civ. Prac. & Rem. Code Ann. § 30.022 ......................................... 9, 30

Tex. Health & Safety Code § 170A.002 ..................................................... 9

Tex. Health & Safety Code § 171.201 ........................................................ 7

Tex. Health & Safety Code § 171.203 ........................................................ 7

Tex. Health & Safety Code § 171.207 ....................................................... 34

Tex. Health & Safety Code § 171.208.................................................*passim*

Tex. Health & Safety Code § 171.209........................................................ 9

Tex. Health & Safety Code § 171.210.................................................. 8, 11

**Rules**

7 Fed. Prac. & Proc. Civ. § 1701 ........................................................... 23

7 Fed. Prac. & Proc. Civ. § 1709 ........................................................... 28

13 Fed. Prac. & Proc. Juris. § 3636 ........................................................ 2

Fed. R. Civ. P. 62 ................................................................................. 15

Tex. R. Civ. P. 202 ............................................................................... 10

**Constitional Provisions**

First Amendment .............................................................................. 5, 15

Fourteenth Amendment......................................................................... 15

## JURISDICTIONAL STATEMENT

### I.     District Court Jurisdiction

As the district court recognized, its jurisdiction over this action in the nature of interpleader was "secure" under 28 U.S.C. § 1335. Braid Short App'x 008 (Opinion and Order); Braid Supp. App'x 047–48 (Order). The claimants are of minimally diverse citizenship, the amount in controversy exceeds $500, and Dr. Braid deposited the contested *res* of $10,000 with the Court's registry pending this action's resolution. Braid Supp. App'x 004 (Complaint); *id*. 047–48.

Each suit against Dr. Braid asserts a claim that, if successful, "shall" result in the imposition of a $10,000 minimum damages award. Tex. Health & Safety Code § 171.208(b)(2). But under the Texas statute, only one claimant is entitled to the award arising from each alleged violation of the law. *Id*. § 171.208(c). Accordingly, as the district court concluded, "Dr. Braid has a reasonable fear of vexatious conflicting claims." Braid Short App'x 008.

28 U.S.C. § 1335(a)(1) requires only minimal diversity of citizenship between two or more claimants. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Here, the claimants are the three Defendants-

Appellees: Felipe Gomez is a citizen of Illinois, Oscar Stilley is a citizen of Arkansas, and Wolfgang P. Hirczy de Mino (aka the Texas Heartbeat Project) is a citizen of Texas. Braid Supp. App'x 003–4. Dr. Braid, a Texas citizen, is an interested stakeholder, meaning he asserts a right to the disputed funds. The citizenship of an interested stakeholder is irrelevant where, as here, two or more claimants are diverse. Interpleader Actions, 13 Fed. Prac. & Proc. Juris. § 3636 (3d ed.).

Venue is proper in the Northern District of Illinois, where Defendant-Appellee Gomez resides, because an action in the nature of interpleader may be brought in any judicial district in which a claimant resides. 28 U.S.C. § 1397. Braid Supp. App'x 003.

## II.   Appellate Court Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because Plaintiff-Appellant timely appealed from a final judgment of the district court.

On September 16, 2022, the district court issued an opinion and order concluding that it had jurisdiction. Braid Short App'x 008. But the court also partially granted Defendant-Appellee Gomez's motion to abstain, writing: "The Court exercises its discretion to decline to exercise

2

jurisdiction over this interpleader case, which is dismissed without prejudice." *Id.* at 012–13. Dr. Braid timely filed a notice of appeal in the district court on October 11, 2022. Dist. Ct. Dkt. 179.

In its order of October 26, 2022, this Court asked the parties to brief whether the district court's judgment, which did not explicitly mention Defendant-Appellee Stilley's counterclaim, disposed of all claims against all parties. 7th Cir. Dkt. 8. As Dr. Braid explained in his jurisdictional memorandum, 7th Cir. Dkt. 16, the district court made clear that it was abstaining from deciding the entire case, and its judgment specified that it "decline[d] to exercise jurisdiction over *this interpleader case*." Braid Short App'x 013 (emphasis added). The district court confirmed in a November 7, 2022, order that "the judgment was intended to be final" and that it "intended to dismiss the entire case, including Stilley's counterclaim." Dist. Ct. Dkt. 195 at 1. On November 9, 2022, this Court ordered that the appeal proceed to briefing. 7th Cir. Dkt. 21. This Court dismissed Stilley's cross-appeal on December 7, 2022. 7th Cir. Dkt. 23.

11291449v1/017333

## STATEMENT OF THE ISSUES

Did the district court err when it relied on the *Wilton/Brillhart* abstention doctrine—which applies to suits under the federal Declaratory Judgment Act—to dismiss this action in the nature of interpleader despite the fact that (1) Plaintiff-Appellant's interpleader claim is independent of his declaratory claims, and (2) the state proceedings here are not parallel, in that they do not allow Plaintiff-Appellant's liability to be fairly and conclusively determined?

## INTRODUCTION

This case was brought to resolve multiple conflicting claims filed against Plaintiff-Appellant Dr. Alan Braid under Texas Senate Bill 8 ("S.B. 8"). S.B. 8 prohibits physicians from providing abortions after approximately six weeks of pregnancy. It forbids public officials from enforcing its restrictions, instead deputizing "any person" to file a civil enforcement suit in Texas state court. Through those suits, these private enforcers can seek an injunction and a minimum of $10,000 in "statutory damages" for every abortion provided in violation of the six-week ban. S.B. 8 also includes lopsided procedural rules that tilt the odds sharply against defendants by limiting the defenses available to them and

creating multiple one-way fee-shifting mechanisms. Dr. Braid asserts that the S.B. 8 scheme violates his due process and equal protection rights and his First Amendment rights to free speech and petition.

Dr. Braid, who has been in practice since the 1970s and knows the devastating impact of denying abortion care, provided an abortion in September 2021 in violation of S.B. 8. He was quickly sued by three total strangers in multiple Texas courts. Each suit asserted entitlement to a single damages award.

Because S.B. 8 renders Texas courts unable to fairly or conclusively assess a defendant's liability or the merits of his constitutional challenges and defeats federal pre-enforcement review under *Ex parte Young* by removing state officials from the enforcement process, Dr. Braid turned to a tool crafted by Congress to resolve these sorts of disputes: interpleader. The federal interpleader statute was designed to ensure that stakeholders can avoid the vexation of multiple suits by easily bringing all claimants to a fund into a single proceeding in federal court. An action in the nature of interpleader under the federal statute allows the stakeholder himself to claim an entitlement to the fund, for instance, when liability under state law would violate the federal Constitution.

Here, the draconian provisions of S.B. 8 make interpleader the only means of securely protecting Texas abortion providers' federal rights.

The district court recognized that it had subject matter jurisdiction over Dr. Braid's action in the nature of interpleader. But, relying on an inapplicable abstention doctrine, it nonetheless dismissed his suit. Dr. Braid appeals both to protect his own rights and because of the broader threat to the rule of law posed by bounty-style statutes like S.B. 8.

## STATEMENT OF THE CASE

### I.     Factual Background

Dr. Braid commenced this action in the nature of interpleader against three claimants—Felipe Gomez, Wolfgang Hirczy de Mino, and Oscar Stilley—who sued him in Texas state court under S.B. 8. S.B. 8 purports to allow "[a]ny person" to sue anyone who provides an abortion after approximately six weeks' pregnancy for a statutory penalty of at least $10,000. Tex. Health & Safety Code § 171.208(a). Gomez, de Mino, and Stilley live in three different states, and their three suits against Dr. Braid were filed in multiple Texas state-court venues (two in Bexar County and one in Smith County). All three suits concerned an abortion that Dr. Braid provided on September 6, 2021, in violation of S.B. 8.

11291449v1/017333

### A. Texas enacts S.B. 8, a six-week abortion ban with an exclusively private, bounty-style enforcement scheme.

S.B. 8, codified as Texas Health & Safety Code § 171.201, *et seq.*, took effect on September 1, 2021. It prohibits a physician from "knowingly perform[ing] or induc[ing] an abortion on a pregnant woman if the physician detected a fetal heartbeat for the unborn child" or failed to perform a test to detect a so-called fetal heartbeat. *Id.* § 171.203(b). "Fetal heartbeat" is defined as including cardiac activity in an embryo. *Id.* § 171.201(1), (3), (7). Because embryonic cardiac activity can typically be detected beginning at about six weeks of pregnancy, S.B. 8 prohibits nearly all abortions after approximately six weeks.

Crafted to evade pre-enforcement judicial review of its constitutionality, S.B. 8 bars government officials—including the state attorney general, district attorneys, and licensing officials—from enforcing its prohibition. *Id.* § 171.207(a); *Whole Woman's Health v. Jackson*, 642 S.W.3d 569, 572 (Tex. 2022); *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). Instead, it subjects abortion providers to civil enforcement actions that the statute says can be brought by "[a]ny person." Texas Health & Safety Code § 171.208(a). A prevailing private enforcer in an S.B. 8 action is entitled to "statutory damages in an

7

amount of not less than $10,000 for each abortion that the defendant performed or induced." *Id*. § 171.208(b)(2). This relief cannot be awarded "if the defendant demonstrates that the defendant previously paid the full amount of statutory damages under Subsection (b)(2) in a previous action for that particular abortion performed or induced." *Id*. § 171.208(c).

An action under S.B. 8 may be brought in any of Texas's 254 counties where the private enforcer resides, regardless of where the abortion was performed. *Id*. § 171.210(a)(4). Thereafter, "the action may not be transferred to a different venue without the written consent of all parties." *Id*. § 171.210(b). S.B. 8 also prohibits defendants from invoking nonmutual issue or claim preclusion, so that an abortion provider remains susceptible to suit by any other person for the same conduct. *Id*. § 171.208(e)(5).

The statute also provides for recovery of attorney's fees and costs by a prevailing plaintiff, § 171.208(b)(3), while denying such relief to prevailing defendants, § 171.208(i). Moreover, S.B. 8 specifies that anyone who seeks declaratory or injunctive relief against the enforcement of any state restriction on abortion is jointly and severally

8

liable, together with their attorneys, for their opponent's costs and attorney's fees if any claim is resolved against the individual seeking relief for any reason (including, e.g., mootness or alternative pleading). Tex. Civ. Prac. & Rem. Code Ann. § 30.022. In addition, S.B. 8 limits the substantive defenses defendants may raise, Tex. Health & Safety Code § 171.209, and purports to impose retroactive liability if the defendant relies on a court decision that is subsequently overturned or that is "not binding on the court in which the action has been brought," *id.* § 171.208(e)(3), (4).

Texas made performing an abortion a felony after the Supreme Court decided *Dobbs v. Jackson Women's Health Org.*, No. 19-1392, 597 U.S. ___ (2022). Tex. Health & Safety Code § 170A.002. But S.B. 8 also remains in force, and the threat of civil suits by private bounty hunters therefore persists.

### B.    Dr. Braid's violation of S.B. 8 elicits competing lawsuits from Defendants-Appellees as well as a potential fourth suit.

Dr. Alan Braid is a board-certified obstetrician and gynecologist in Texas who has been in practice since the 1970s and whose practice includes providing abortions. Braid Supp. App'x 007. On September 6,

2021, Dr. Braid violated S.B. 8's abortion prohibition by providing an abortion to a patient after detecting cardiac activity. *Id.* He subsequently disclosed that abortion in an op-ed published in the *Washington Post*, explaining why he chose to violate Texas's ban: he had a duty of care to his patient and, having seen the devastating impact of denying abortion care, could not turn her away. *See id.*

Following the publication of Dr. Braid's op-ed, three claimants from three different states filed three conflicting suits against him. *Id.* All seek the minimum $10,000 in statutory damages authorized by S.B. 8. *Id.* at 7–9. Yet S.B. 8 provides that defendants can assert full payment of the judgment to one claimant as a defense to any other suits seeking statutory damages for the same abortion. *See* Tex. Health & Safety Code § 171.208(c). The three suits against Dr. Braid thus each assert entitlement to a single statutory damages award.

A fourth potential claimant, Shannon Thomason—the former mayor of Big Spring, Texas—has filed (but not yet served) a pre-suit petition under Rule 202 of the Texas Rules of Civil Procedure. Thomason seeks to depose Dr. Braid to investigate a potential S.B. 8 claim against him. Verified Pet. to Take Dep. to Investigate Lawsuit, *In re Shannon D.*

*Thomason*, No. 55561 (118th Dist. Ct. Howard Cnty., Tex., July 7, 2022).[1] In the petition, Thomason asserts that S.B. 8 was structured to thwart pre-enforcement judicial review and prohibit abortions (which were constitutionally protected at the time the statute was enacted). Thomason filed his petition in Howard County, which is in a rural area approximately 300 miles from Dr. Braid's practice in San Antonio. *See* Tex. Health & Safety Code § 171.210(a)(4), (b) (allowing S.B. 8 actions to be brought in a claimant's county of residence and prohibiting transfer to a more convenient venue without the claimant's consent).

## II.    Procedural Background

### A.    Dr. Braid files this action in the nature of interpleader to resolve the competing claims against him.

Dr. Braid responded to the three S.B. 8 actions against him by filing the interpleader complaint underpinning this case. Braid Supp. App'x 001. He did so to (1) avoid the burden and confusion of defending against wasteful, vexatious, and duplicative litigation in multiple venues that is likely to result in conflicting rulings; (2) obviate the risk of conflicting

---

[1] Thomason is represented by Jonathan Mitchell, a former Texas solicitor general who takes credit for devising S.B. 8. *See* Michael S. Schmidt, *Behind the Texas Abortion Law, a Persevering Conservative Lawyer*, N.Y. Times (Sept. 12, 2021), available at https://tinyurl.com/8bvy8t36 (last visited February 16, 2023).

11291449v1/017333

judgments; (3) assert his constitutionally based defenses to liability under S.B. 8; and (4) preclude potential liability arising from any future private enforcement actions based on the September 6, 2021, abortion. Claim 1 of Dr. Braid's interpleader complaint asks the district court to resolve each of Defendants-Appellees' competing S.B. 8 claims, while Claims 2 through 6 seek a declaratory judgment that S.B. 8 violates multiple rights secured by the U.S. Constitution. *Id.* at 016–23.

As noted above, each Defendant-Appellee asserts a claim against Dr. Braid that, if successful, "shall" result in the imposition of a $10,000 minimum damages award, but only one claimant, at most, is statutorily entitled to that award. Dr. Braid asserts that neither Defendants-Appellees nor anyone else is entitled to an award because S.B. 8 is unconstitutional; therefore, he filed this action "in the nature of interpleader." 28 U.S.C. § 1335. *See Heller Fin., Inc. v. Prudential Ins. Co. of Am.*, 371 F.3d 944, 945 (7th Cir. 2004) (a neutral stakeholder "is not required for a suit 'in the nature of interpleader' authorized by the federal interpleader statute").

11291449v1/017333

**B.    The district court denies Gomez's multiple motions to dismiss.**

Defendant-Appellee Gomez filed his initial S.B. 8 enforcement suit against Dr. Braid in Bexar County, Texas, in September 2021, but never served the complaint. After Dr. Braid filed this interpleader action, Gomez dismissed his suit against Dr. Braid without prejudice. *See* Braid Supp. App'x 032 (Case No. 2021CI19920 in the 224th Judicial District Court of Bexar County, Texas). Gomez then filed multiple motions to dismiss Dr. Braid's interpleader action, all of which the district court denied. Braid Supp. App'x 045.

The district court rejected Gomez's argument that it lacked subject-matter jurisdiction, noting that Dr. Braid had been sued by three individuals under S.B. 8 and thus had a "real and reasonable fear of double liability or conflicting claims" for the same stake. Braid Supp. App'x 047 (quoting *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008)). The district court also observed that, given the amount in controversy and the presence of minimal diversity, 28 U.S.C. § 1335 independently vested the court with subject-matter jurisdiction. *Id.* at 048. The district court also rejected Gomez's argument that dismissal of his case deprived the federal court of subject-matter jurisdiction, explaining that "subject-matter

13

jurisdiction over an interpleader action is determined at the case's outset
and is not disturbed by subsequent events." *Id*.

### C. Gomez pursues a new S.B. 8 case against Dr. Braid, but the district court enjoins him from proceeding.

In May 2022, Gomez filed another S.B. 8 enforcement suit against
Dr. Braid. *See* Dist. Ct. Dkt. 109 at 6 (Case No. 2022CI08302 in the 45th
Judicial District Court for Bexar County, Texas). This time, Gomez
served Dr. Braid and initiated prosecution of his case. *Id*. at 8.

On Dr. Braid's motion, the district court issued a temporary
restraining order and preliminary injunction enjoining Gomez—during
the pendency of this interpleader action—from "pursuing or prosecuting"
his case or commencing additional litigation against Dr. Braid regarding
the September 6 abortion. Dist. Ct. Dkt. 117. It did so pursuant to the
federal interpleader statute, 28 U.S.C. § 2361, explaining that "an
injunction is warranted given Gomez's blatant attempt to end-run this
interpleader action." Dist. Ct. Dkt. 117 at 1. The court specifically noted
that "Gomez previously indicated that he had dismissed his Texas suit"
in an effort to secure dismissal of the interpleader action, only to file
another action against Dr. Braid based on the same abortion procedure."
*Id*. Gomez immediately appealed.

14

Two days after the injunction issued, Gomez violated it by filing three separate requests for "judicial notice" in the Bexar County suit. In those notices, he (1) asked the state court to ignore the federal injunction order, (2) erroneously indicated that the injunction order had been automatically stayed under Federal Rule 62, and (3) falsely told the court that Dr. Braid was in default. Dist. Ct. Dkt. 124-1.

Dr. Braid moved for contempt, and the district court (1) ordered Gomez to show cause why he should not be held in civil contempt, and (2) scheduled an in-person contempt hearing. Dist. Ct. Dkt. 131. That hearing was later suspended pending this appeal. Dist. Ct. Dkt. 153.

### D.   The district court reiterates that it has subject-matter jurisdiction but dismisses the interpleader action on abstention grounds.

Dr. Braid moved for summary judgment, contending that S.B. 8 is preempted by federal law and violates his Fourteenth Amendment due process and equal protection rights and his First Amendment rights to free speech and petition. Dist. Ct. Dkt. 75. In response, Gomez filed a motion "to immediately dismiss, or stay, the entire matter, or at least dismiss Gomez," under the abstention doctrines recognized in *R.R.*

*Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941), and *Younger v. Harris*, 401 U.S. 37 (1971). Dist. Ct. Dkt. 109 at 1–2.[2]

On September 16, 2022, the district court issued an opinion and entered judgment dismissing the case. The court reiterated that it had subject-matter jurisdiction and that the statutory requirements for an action in the nature of interpleader were met. Braid Short App'x 008. But the court nevertheless decided to abstain from exercising jurisdiction. While the court concluded that Gomez "cited the wrong abstention doctrine," it went on to "exercise[] its discretion to dismiss this interpleader case" under the *Wilton/Brillhart* doctrine. *Id.* at 008–9, 012 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)). The parties had briefed the *Younger* and *Pullman* abstention doctrines, but no party had invoked *Wilton/Brillhart*.

Dr. Braid appealed from the judgment. Dist. Ct. Dkt. 179. Defendant-Appellee Stilley cross-appealed. Dist. Ct. Dkt. 184. Stilley's cross-appeal was dismissed on December 7, 2022.

---

[2] The district court also denied a motion to dismiss for lack of personal jurisdiction filed by Defendant-Appellee de Mino. *See* Braid Short App'x 008.

**E.    The injunction's dissolution frees Gomez to file and prosecute S.B. 8 actions against Dr. Braid.**

The district court's dismissal of this interpleader action dissolved the TRO and preliminary injunction enjoining Gomez, who resumed prosecution of his suit against Dr. Braid and filed two new lawsuits.

In response, Dr. Braid filed a plea to the jurisdiction—the Texas equivalent of a motion to dismiss for lack of jurisdiction—in Gomez's S.B. 8 case, contending that individuals who are not harmed by an abortion lack standing to enforce the statute. Agreeing that Gomez lacked standing, the state court granted the plea to the jurisdiction and dismissed Gomez's case. Order, *Gomez v. Braid*, No. 2022CI08302 (45th Dist. Ct., Bexar Cnty., Tex., Dec. 12, 2022). Gomez's appeal from that order is pending in Texas's Fourth Court of Appeals.

In August 2022, Gomez filed a 42 U.S.C. § 1983 case in the Western District of Texas against Dr. Braid, his lawyers, and Judge Alonso, accusing them of conspiring to deny him his due process and equal protection rights by restraining him from prosecuting his S.B. 8 action. In addition to injunctive relief, he sought monetary damages of at least $250,000. Compl., *Gomez v. Braid*, No. 5:22-cv-00871 (W.D. Tex. Aug. 8, 2022). After the court found that Gomez's complaint did not appear to

17

state a non-frivolous claim and ordered him to show cause, Gomez voluntarily dismissed the action. Order at 2, *Gomez v. Braid*, No. 5:22-cv-00871 (W.D. Tex Aug. 18, 2022); Notice of Voluntary Dismissal, *Gomez v. Braid*, No. 5:22-cv-00871 (W.D. Tex Sept. 19, 2022).

The following month, Gomez filed an action in Texas state court against the State of Texas, Dr. Braid and his lawyer, the Center for Reproductive Rights, de Mino, and Stilley. Gomez's petition, which has not been served, alleges that Gomez "is facing interference with his right to litigate in Texas Court" and requests non-monetary relief. Pet. 1, 5, *Gomez v. Texas*, No. 2022CI21049 (407th Dist. Ct., Bexar Cnty., Tex., Oct. 24, 2022).

11291449v1/017333

## SUMMARY OF ARGUMENT

The district court correctly concluded that its jurisdiction over this interpleader action was secure. Jurisdiction is proper here under the federal interpleader statute because Dr. Braid faces the vexation of litigating conflicting claims to a single fund, the amount in controversy exceeds $500, and there is minimal diversity of citizenship.

Once the district court concluded that it had subject-matter jurisdiction, it had a duty to exercise that jurisdiction. Instead, it dismissed Dr. Braid's suit under the *Wilton/Brillhart* doctrine.

That doctrine is inapplicable for two reasons.

*First*, Dr. Braid's interpleader claim is independent of his claims under the Declaratory Judgment Act. That claim's jurisdictional basis does not depend on any allegation in the declaratory claims or on their outcome. And a favorable disposition of the interpleader claim will provide Dr. Braid with meaningful relief regardless of the disposition of his declaratory claims. Under such circumstances, this Court's precedent makes clear that a district court is obliged to entertain *both* the declaratory and non-declaratory claims to avoid piecemeal litigation—which is, of course, a central purpose of the interpleader mechanism.

11291449v1/017333

*Second*, the pending state-court actions are not parallel to the federal action because S.B. 8's punitive enforcement scheme means that Dr. Braid's alleged liability—and the merits of his constitutional challenges to S.B. 8—cannot be fairly and conclusively determined in Texas state courts. His liability cannot be fairly determined in Texas state court because S.B. 8 stacks the deck against abortion providers by imposing a fee-shifting mechanism designed to burden defendants; incorporates further fee-shifting provisions aimed at deterring challenges to abortion restrictions; bars defendants from raising dispositive defenses, invoking preclusion, or relying on favorable precedent; and directs state-court judges to ignore federal-court judgments and injunctions. And Dr. Braid's liability cannot be conclusively determined in state court because S.B. 8 provides no basis, short of a race to collect on a judgment, to select among the countless strangers who might sue for the $10,000 minimum statutory penalty.

The district court relied upon a handful of inapposite *Wilton/Brillhart* cases, none of which addressed the novel and troubling issues posed by S.B. 8's private bounty-based framework. In light of the ways in which S.B. 8 systemically distorts state-court litigation and

effectively eliminates the traditional modes of federal review, interpleader is an appropriate vehicle to ensure that Dr. Braid's legal rights are vindicated.  The district court got it backwards by applying *Wilton/Brillhart* abstention to relegate Dr. Braid to a state-court process designed to provide neither fairness nor finality.  This Court should reverse.

## STANDARD OF REVIEW

Although this Court reviews district court decisions to abstain under the *Wilton/Brillhart* doctrine for abuse of discretion, *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 985–986 (7th Cir. 2010), the threshold question of whether that abstention doctrine applies is reviewed *de novo. Med. Assur. Co. v. Hellman*, 610 F.3d 371, 378 (7th Cir. 2010). *See also Wisconsin Right to Life State Pol. Action Comm. v. Barland*, 664 F.3d 139, 150 (7th Cir. 2011) ("Whether abstention applies . . . is a legal issue subject to de novo review.").

11291449v1/017333

# ARGUMENT

## I.    The district court's dismissal of this action was based on an inapplicable doctrine and should be reversed.

### A.    After correctly concluding that it had subject-matter jurisdiction, the district court had a duty to exercise that jurisdiction.

The district court twice concluded that its jurisdiction over this interpleader action was "secure." Braid Supp. App'x 047–48; Braid Short App'x 008. That conclusion was correct. As discussed by amici, *see* Bradt et al. Amicus Br. at 10, actions in the nature of interpleader are appropriate when the stakeholder, here Dr. Braid, "is in danger of exposure to double liability *or* the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008) (emphasis added). As the district court explained, "[a]t the time Braid filed his intervenor complaint, three separate individuals had sued him and thus each had a potential claim to the $10,000 damages award for Braid's violation of S.B. 8." Braid Supp. App'x 047. Thus, Dr. Braid "had a reasonable fear that he could be subject to conflicting claims and duplicitous liability." *Id.* at 048.

Dr. Braid's assertion that none of the interpleader defendants is entitled to the $10,000 stake cannot defeat interpleader jurisdiction.

22

When Congress amended the interpleader statute in 1936 to allow bills "in the nature of interpleader," it made interpleader available "even if plaintiff was interested in the outcome of the litigation." History of Interpleader, 7 Fed. Prac. & Proc. Civ. § 1701 (3d ed.); *see* Bradt et al. Amicus Br. at 10. That Dr. Braid faces the vexation of litigating against multiple conflicting claims is enough for interpleader jurisdiction to lie. *See Aaron*, 550 F.3d at 663. "The purpose of an interpleader bill is as much to protect a stakeholder from the expense of double litigation, however groundless, as it is to protect him from the risk of double liability." *Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.*, 448 F.2d 501, 504 (7th Cir. 1971) (citation and quotation marks omitted).

The district court also correctly concluded that Dr. Braid's interpleader complaint meets the other requirements for subject-matter jurisdiction under 28 U.S.C. § 1335. Braid Supp. App'x 048. Specifically, "the amount at issue is above $500, and the interpleader-defendants are diverse from one another: Gomez is a citizen of Illinois; Defendant Stilley is a citizen of Arkansas; and Defendant de Mino is a citizen of Texas." *Id.*; *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)

(concluding that Section 1335(a)(1) requires only minimal diversity of citizenship between two or more claimants).

Having made the right determination that it had subject-matter jurisdiction, the district court was duty-bound to exercise its jurisdiction unless an applicable doctrine required it to abstain. "Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction given them." *City of Fishers, Indiana v. DIRECTV*, 5 F.4th 750, 752 (7th Cir. 2021) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Indeed, '[w]hen a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its *duty* to take such jurisdiction.'" *J.B. v. Woodard*, 997 F.3d 714, 721 (7th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358–59 (1989)); *see also Willcox v. Consolidated Gas Co.*, 212 U.S. 19, 40 (1909) ("The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied."). That duty exists because it is an "undisputed constitutional principle that Congress, and not the Judiciary, defines the scope of federal jurisdiction within the constitutionally permissible bounds." *Council of City of New Orleans*, 491 U.S. at 359. Abstention from the exercise of federal jurisdiction "pushes

24

against this obligation" and is therefore "the exception, not the rule." *City of Fishers*, 5 F.4th at 753 (quoting *Colorado River*, 424 U.S. at 813).

## B. The district court improperly relied on *Wilton/Brillhart* abstention to dismiss Dr. Braid's interpleader complaint.

The abstention doctrine on which the district court relied, *Wilton/Brillhart*, is inapplicable to this case. The *Wilton/Brillhart* doctrine (which no party briefed in the district court) applies to suits under the federal Declaratory Judgment Act where (1) the federal suit seeks only declaratory relief, or any non-declaratory claims are not independent of the declaratory ones; and (2) another suit is pending in state court that presents the same issues, not governed by federal law, between the same parties. *See R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716–17 (7th Cir. 2009); *Arnold v. KJD Real Est., LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), and *Brillhart v. Excess Ins. Co. of Amer.*, 316 U.S. 491, 495 (1942)). Here, neither criterion is satisfied.

### 1. Dr. Braid seeks more than declaratory relief, and his non-declaratory claims are independent.

A court's discretion to abstain under the *Wilton/Brillhart* doctrine arises from the unique language of the Declaratory Judgment Act.

*Envision*, 604 F.3d at 986. Unlike the federal interpleader statute, which provides that "district courts *shall* have original jurisdiction of any civil action of interpleader or in the nature of interpleader," 28 U.S.C. § 1335 (emphasis added), the Declaratory Judgment Act is explicitly discretionary. Its plain text provides that district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).[3]

Accordingly, when a federal action includes claims for both declaratory and non-declaratory relief, the court must first determine whether the non-declaratory claims are independent of the declaratory ones. *R.R. Street & Co.*, 569 F.3d at 716. If they are, *Wilton/Brillhart* does not apply, and the independent, non-declaratory claims must be entertained, absent extraordinary circumstances as defined by *Colorado River Water Conservation Dist. v United States*, 424 U.S. 800 (1976). *R.R. Street & Co.*, 569 F.3d at 716–17. Moreover, in such cases, the court must

---

[3] Tellingly, neither *Wilton* nor *Brillhart* was an interpleader case. Nor is any of this Court's *Wilton/Brillhart* precedent, with the exception of *Arnold*—which of course did not involve an S.B. 8-style private enforcement scheme and in which the Court merely suggested that *Wilton/Brillhart* "should be reconsidered on remand." 752 F.3d at 707.

also retain jurisdiction over the declaratory claims to avoid piecemeal litigation. *Id.* at 717.

A claim is considered independent if it "could stand alone in federal court—both jurisdictionally and substantively—irrespective of the declaratory claim." *Id.* That is the case here. Count 1, the interpleader claim upon which Dr. Braid's action is predicated, is entirely independent of his claim for declaratory relief. It stands alone jurisdictionally because the federal interpleader statute confers jurisdiction when, as here, the claimants are of minimally diverse citizenship, the amount in controversy exceeds $500, and the interpleader plaintiff deposits the stake with the Court's registry. And it stands alone substantively because, if Dr. Braid is successful on his interpleader claim, he will be relieved of the costs of vexatious litigation and the risk of competing judgments regardless of the outcome of his claims for declaratory relief. Hence, the district court was obliged to exercise jurisdiction over both the declaratory and non-declaratory claims. *See R.R. Street & Co.*, 569 F.3d at 716–17.[4]

---

[4] Neither the district court nor Defendants-Appellees addressed whether "exceptional circumstances" are present here that would warrant *Colorado River* abstention. As the "exceptional circumstances" requirement suggests, this form of abstention "is the

## 2.    The state actions are not parallel.

Because Dr. Braid's action does not seek purely declaratory relief and his interpleader claim is independent, *Wilton/Brillhart* abstention does not apply, and reversal is required for this reason alone. But even if Dr. Braid were seeking solely declaratory relief, abstention would be inappropriate because there is no parallel state proceeding.[5]

In determining whether state proceedings are parallel for purposes of *Wilton/Brillhart* abstention, "the question for [the] district court . . . is 'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Arnold*, 752 F.3d at 707 (citing *Wilton* and *Brillhart*) (internal quotation marks omitted); *see also* 7 Fed. Prac. & Proc. Civ. § 1709 (3d ed.)

---

exception, not the rule." *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992), quoting *Colorado River*, 424 U.S. at 813; *see also AXA Corporate Solutions v. Underwriters Reins. Corp.*, 347 F.3d 272, 278 (7th Cir.2003) (noting a "general presumption against abstention" under *Colorado River*). Here, several key factors—including the fact that the state has not assumed jurisdiction over property, the desirability of avoiding piecemeal litigation, and the manifest inadequacy of state-court actions under S.B. 8 to protect Dr. Braid's rights—point decisively against *Colorado River* abstention. *See Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 647 (7th Cir. 2011) (listing factors and noting that "absent or neutral factors weigh in favor of exercising jurisdiction").

[5] Although parallel proceedings are not a strict prerequisite for abstention under *Wilton/Brillhart*, this Court has repeatedly stated that the doctrine "appropriately applies in a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists." *Envision*, 604 F.3d at 985 (citing *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)).

28

("Whether the federal court will stay itself depends on its appraisal of the potential effectiveness of the other action and the desirability of it going forward in that particular forum.").

Ultimately, the question is whether the state courts provide a forum in which "the liability of the stakeholder to all claimants may be fairly and conclusively determined." *Koehring Co. v. Hyde Const. Co.*, 424 F.2d 1200, 1204 (7th Cir. 1970) (quoting 3A Moore, Federal Practice, P22.16(1), at 3138 (2d ed. 1967)). Those prerequisites to a finding of parallel state proceedings are not satisfied here. On the contrary, Dr. Braid's liability and the merits of his constitutional challenges to S.B. 8 cannot be fairly or conclusively determined in the Texas state courts.

Dr. Braid's liability cannot be "fairly . . . determined" in the Texas courts under S.B. 8, *see Koehring*, 424 F.2d at 1204, for four reasons. *First*, S.B. 8's enforcement mechanism includes a one-way fee-shifting mechanism that heavily tilts suits against defendants who are sued for providing abortions. Anyone who successfully brings a claim under the statute is entitled to recover costs and attorney's fees. Yet defendants sued under S.B. 8 cannot be awarded costs or attorney's fees if they

29

prevail, no matter how many times they have been sued or how meritless the suit. Tex. Health & Safety Code §§ 171.208(b)(3), (i).

*Second*, S.B. 8 also incorporates draconian, one-way fee-shifting measures crafted to deter *affirmative* challenges to abortion restrictions, including S.B. 8 itself, by penalizing anyone who tries to bring such a challenge. Tex. Civ. Prac. & Rem. Code § 30.022. Parties who seek declaratory or injunctive relief from enforcement of S.B. 8 can be forced to pay the attorney's fees of the party defending the restriction unless they win on every claim they bring. *Id.* If a court dismisses a claim or enters judgment in the other party's favor on a claim, even by rejecting a claim pleaded in the alternative, the party defending the abortion restriction is deemed to have "prevail[ed]"—even if the court enjoins S.B. 8. *Id.* The statute goes so far as to make a challenger's attorney jointly and severally liable for attorney's fees. *Id.*

*Third*, S.B. 8 rigs proceedings against defendants by purporting to bar them from raising certain defenses, asserting non-mutual issue or claim preclusion, or relying on any other "state or federal court decision that is not binding on the court in which the action" was brought. *Id.* § 171.208(e). These provisions, not typically found in Texas legislation,

are plainly intended to make suits under S.B. 8 uniquely difficult to defend such that a filed action is all but assured to lead to multiple ruinous and vexatious suits. The district court cited *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990), for the proposition that state courts are presumptively competent to adjudicate federal defenses, but these features of S.B. 8 provide a paradigmatic example of how that presumption may be rebutted.

*Fourth*, S.B. 8 directs state-court judges to ignore judgments and injunctions issued by federal courts. Tex. Health & Safety Code § 171.208(e)(4). In this way, too, S.B. 8 attempts to deny abortion providers in Texas a fair forum in which to determine their liability under the statute or challenge it based on federally guaranteed constitutional rights.

In addition, Texas state courts do not constitute a forum in which the liability of the stakeholder may be "conclusively determined." *Koehring*, 424 F.2d. at 1204. As the district court recognized, S.B. 8 "provides no basis" from which a court could select among Defendants-Appellees. Braid Short App'x 010. "The only way for one and only one of the claimants to be entitled to the statutory minimum fine of $10,000

would be for that claimant both to obtain a judgment and to collect upon it." *Id.* (emphasis added). Only if one Defendant-Appellee collected on a judgment would a court be barred from awarding the other two Defendants-Appellees the same statutory fine. *Id.* at 010–11. A Texas court's determination of Dr. Braid's liability, standing alone, would be incomplete.

### 3.   The cases relied on by the district court are inapposite.

The district court cited *Koehring* to support its analysis, but in that case this Court found that the interpleader plaintiffs' "alleged fear of being exposed to multiple litigation was ill-founded, if not sham." 424 F.2d at 1204. Dr. Braid, in stark contrast, already faces multiple vexatious suits. *Koehring* also emphasized the "ample" state court procedures that could protect the interpleader plaintiffs in that case; the same is self-evidently not true for Dr. Braid in Texas.

The district court's reliance on *US Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201 (3rd Cir. 1999), is also misplaced. In that case, which involved pre-interpleader settlements, the Third Circuit noted that "federal courts should defer to parallel state proceedings that pre-date the interpleader, especially where, as here, the proceedings have resulted

in judgments (or settlements in principle)." *Id.* at 211. Here, as explained, the state proceedings are not parallel and have not resulted in judgments. *Hartford Life Ins. Co. v. Solomon*, 910 F. Supp. 2d 1075, 1085 (N.D. Ill. 2012), also favorably cited by the district court, was a case in which the district court, unlike here, lacked subject-matter jurisdiction over claims to the interpleader fund. Finally, in *Principal Life Ins. Co. v. Crane*, 2016 WL 1270516 (N.D. Ill. 2016), the state proceeding was a routine domestic relations action involving the interpretation of a divorce decree and did not "present any corollary or independent issues of federal law." *Id.* at *2. Here, Dr. Braid presents federal issues that cannot be fairly or conclusively resolved in the Texas courts under S.B. 8.

S.B. 8's unique and punitive enforcement scheme, in sum, makes federal court the only forum in which Dr. Braid's alleged liability—and the merits of his constitutional challenges to S.B. 8—can be fairly and conclusively determined. The state actions therefore cannot be considered parallel, and the district court erred in dismissing under *Wilton/Brillhart* even if the non-declaratory claims were not independent.

Indeed, deferring to state-court proceedings under these circumstances would get things precisely backwards. As amici have demonstrated, Bradt et al. Amicus Br. at 9–12, the generous venue and jurisdictional provisions of the federal interpleader statute, together with the wide discretion conferred upon district courts to enjoin state proceedings in interpleader cases, confirm that Congress intended federal courts to have broad authority to resolve vexatious and conflicting claims. The exercise of that authority is especially important in the face of state civil enforcement schemes, like S.B. 8, that are designed to invite conflicting claims while evading meaningful judicial review. This Court should reverse.[6]

---

[6] The *Younger* and *Pullman* doctrines cited by Gomez in his motion to dismiss—in a fleeting paragraph without supporting authority, Dist. Ct. Dkt. 136—are also inapplicable here. Abstention under *Younger v. Harris*, 401 U.S. 37 (1971), applies "only when there is an action in state court against the federal plaintiff and *the state is seeking to enforce the contested law* in that proceeding." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (quoting *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007)) (emphasis added). But S.B. 8's abortion prohibition, by design, may not be enforced by the state. Tex. Health & Safety Code § 171.207(a). As for abstention under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), it applies only when there is substantial uncertainty as to the meaning of state law and a state court's clarification of state law might obviate the need for a federal constitutional ruling. *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 365 (7th Cir. 1998). But Gomez identifies no ambiguity in state law that stands to be clarified by state court proceedings under S.B. 8.

## CONCLUSION

For these reasons, this Court should reverse the judgment of the

district court and remand for further proceedings.

DATED: February 16, 2023     Respectfully submitted,

/s/ David L. Franklin
David L. Franklin
Suyash Agrawal
MASSEY & GAIL LLP
50 E. Washington St., Ste. 400
Chicago, Illinois 60602
(773) 510-5923

Alethea Anne Swift
MASSEY & GAIL LLP
1000 Maine Ave. SW, Ste. 450
Washington, DC 20024
(202) 964-7678

Abigail C. Noebels
Richard W. Hess
SUSMAN GODFREY LLP
1000 Louisiana Street, Ste. 5100
Houston, Texas 77002
(713) 653-7816

Marc Hearron
CENTER FOR
REPRODUCTIVE RIGHTS
1634 Eye St. NW, Ste. 600
Washington, DC 20006
(202) 524-5539

*Attorneys for Plaintiff-Appellant
and Cross-Appellee Alan Braid, M.D.*

11291449v1/017333

## CIRCUIT RULE 30(D) CERTIFICATION

Pursuant to Circuit Rule 30(d), the undersigned counsel for Appellant Dr. Alan Braid states that all materials required by Circuit Rules 30(a) are attached to the Short Appendix herein, and the materials required by Circuit Rule 30(b) are included in the Supplemental Appendix filed concurrently with this brief as a separate appendix.

DATED: February 16, 2023            /s/ David L. Franklin
                                    David L. Franklin

36

## CERTIFICATE OF COMPLIANCE WITH
## FORMATTING REQUIREMENTS

I certify that this brief complies with the type-volume limitation specified in Circuit Rule 32(c). *See* Fed. R. App. P. 32(g); 7th Cir. L.R. 32(c). This brief contains 6,892 words according to the word-count function of the word processing system used to prepare it, excluding those part of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief also complies with applicable typeface and type-style requirements because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in a 14 point Century Schoolbook font. *See* Fed. R. App. P. 32(a)(5)–(6).

DATED: February 16, 2023          /s/ David L. Franklin
                                   David L. Franklin

11291449v1/017333

## CERTIFICATE OF SERVICE

I certify that on February 16, 2023, I served by email a true and correct copy of this document by email to the following:

Felipe N. Gomez (fgomez9592@gmail.com)

Wolfgang P. Hirczy De Mino (wphdmphd@gmail.com)

Oscar Stilley (oscarstilley@gmail.com)

These are the email addresses from which I have received correspondence from each of these parties.


DATED: February 16, 2023          /s/ Alethea Anne Swift
                                  Alethea Anne Swift

11291449v1/017333

No. 22–2815

# In the United States Court of Appeals
## for the Seventh Circuit

| | | |
|---|---|---|
| ALAN BRAID, M.D., | ) | Appeal from the U.S. District |
| | ) | Court for the Northern District |
| *Plaintiff-Appellant*, | ) | of Illinois |
| | ) | |
| v. | ) | No. 1:21–CV–5283 |
| | ) | |
| FELIPE N. GOMEZ, et al., | ) | |
| | ) | The Hon. Judge |
| *Defendants-Appellees.* | ) | Jorge L. Alonso, Presiding |
| | ) | |
| | ) | |

**REQUIRED SHORT APPENDIX OF
PLAINTIFF-APPELLANT DR. ALAN BRAID**

## TABLE OF CONTENTS

<u>Record Cites from Alan Braid, M.D. v. Felipe Gomez, et al.</u>

Doc. 174, Mem. Opinion and Order
      No. 21-cv-5283 ……………………………Braid Short Appendix 001

Doc. 175, Judgment in a Civil Case
      No. 21-cv-5283 ……………………………Braid Short Appendix013

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN BRAID, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-5283 |
| | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| OSCAR STILLEY, | ) | |
| FELIPE NERY GOMEZ, and | ) | |
| WOLFGANG P. HIRCZY DE MINO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After performing an abortion and being sued by three separate individuals, plaintiff Alan

Braid, M.D. ("Dr. Braid"), filed this interpleader action in which he named as defendants the

three individuals who had filed suit. Before the Court are Dr. Braid's motion for summary

judgment and two threshold motions filed by two of the three claimants.

## I.    BACKGROUND

The following facts are undisputed unless otherwise noted.[1]

---

[1]    Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) ("Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules."). At the summary judgment stage, a party cannot rely on allegations; he must put forth evidence. Fed.R.Civ.P. 56(c)(1)(A); *see also Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) ("As the 'put up or shut up' moment in a lawsuit,' summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial.").

Where one party supports a fact with admissible evidence (i.e., not complaint allegations) and the other party fails to controvert the fact with citation to admissible evidence (i.e., not complaint allegations), the Court deems the fact admitted. *See Curtis v. Costco Wholesale*

Plaintiff Dr. Braid is a board-certified obstetrician and gynecologist who is licensed to practice medicine in Texas.  He has practiced since 1978, and his practice includes providing abortions.  On September 6, 2021, Dr. Braid violated Texas Health & Safety Code § 171.204 by performing an abortion after he detected cardiac activity in the womb.  Two weeks later, Dr. Braid published in the *Washington Post* an editorial in which he explained why he had performed the abortion.

Soon, three "complete strangers" filed suit against Dr. Braid under Texas Health & Safety Code § 171.208.  Specifically, on September 20, 2021, defendant Oscar Stilley ("Stilley"), of Arkansas, filed in Texas state district court of Bexar County a suit seeking damages under § 171.208.  That same day, defendant Wolfgang P. Hirczy de Mino, of Texas, filed in Texas district court of Smith County a suit seeking damages under § 171.208.  Finally, on September 23, 2021, defendant Felipe N. Gomez ("Gomez"), of Illinois, filed in Texas district court of Bexar County, a suit seeking relief under § 171.208.  Among the relief available under § 171.208 is "statutory damages in an amount of not less than $10,000 for each abortion," Texas Health & Safety Code § 171.208(b)(2), but "a court may not award" that relief "if the defendant demonstrates that the defendant previously paid the full amount of statutory damages," Texas Health & Safety Code § 171.208(c).

In response, Dr. Braid filed this interpleader suit under 28 U.S.C. § 1335 and deposited $10,000.00 into the court's registry.  He now moves for summary judgment, arguing that none of the three claimants is entitled to the money.

*Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004).  This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence.  *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

2

## II.     STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party.  *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018).  Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."  *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party."  *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.     DISCUSSION

Every federal court has an obligation to assure itself that it has jurisdiction over the cases before it.  *Scott Air Force Base Prop., LLC v. County of St. Clair Ill.*, 548 F.3d 516, 520 (7th Cir. 2008).  "The party invoking federal jurisdiction bears the burden of establishing" jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

This case is not the usual interpleader action.  "A basic jurisdictional requirement of statutory interpleader is that there be adverse claimants to a particular fund."  *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 956 (7th Cir. 1984).  The Seventh Circuit has described the usual interpleader case:

> Interpleader is proper in cases such as a surety confronted by claims of subcontractors and materialmen which exceed the surety's contractual liability, conflicting claims of entitlement to the proceeds of a life insurance policy, or

3

automobile insurers surrendering the maximum sum of their liability to the court
for disposition to plaintiffs in an accident case.

*Indianapolis Colts,* 741 F.2d at 957.  This case is different, and a reasonable person might

question whether this case falls within this Court's interpleader jurisdiction.

First, an interpleader case requires that claimants be fighting over a particular asset,

whether it be property or an identifiable fund.  *See Indianapolis Colts*, 741 F.2d at 956 ("A basic

jurisdictional requirement of statutory interpleader is that there be adverse claimants to a

*particular* fund.") (emphasis added); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S.

523, 530 (1967) (purpose of statutory interpleader is "to remedy the problems posed by multiple

claimants to a *single* fund") (emphasis added); *Rhoades v. Casey*, 196 F.3d 592, 600 n. 8 (5th

Cir. 1999) ("A prerequisite to filing an interpleader action is that there must be a single,

identifiable fund.").  In other words, "[f]ederal interpleader jurisdiction depends on identifiable

property or a limited fund or pecuniary obligation, and it is *not proper* to predicate jurisdiction

on the *mere potential to recover damages* for pecuniary injury."  *Murphy v. Travelers Ins. Co.*,

534 F.2d 1155, 1159 n. 2 (5th Cir. 1976) (emphasis added).  Thus, a "chose in action asserted

against the general assets of a party rather than specific, identifiable 'property' is not a proper

subject for interpleader relief."  *Murphy*, 534 F.2d at 1159.

Dr. Braid has deposited $10,000 into the court's registry and has, thus, theoretically met

the requirement of establishing a particular fund.  A reasonable person could, of course, question

whether this suffices.  Each claimant has a mere private right of action (and thus a "mere

potential to recover") against Dr. Braid's personal assets, not a claim to a particular fund of

$10,000, despite the fact that Dr. Braid essentially created such a fund by depositing it.

Next, one might question whether Dr. Braid has a reasonable fear of double liability.

"Interpleader is a suit in equity."  *Indianapolis Colts*, 741 F.2d at 957.  "Because the sole basis

4

for equitable relief to the stakeholder is the danger of exposure to double liability or the vexation

of conflicting claims, the stakeholder must have a real and reasonable fear of double liability or

vexatious, conflicting claims to justify interpleader." *Indianapolis Colts,* 741 F.2d at 957.

Where a statute protects from the risk of double recovery, interpleader jurisdiction does

not lie. For example, in *State Farm Life Ins. Co. v. Jonas*, the Seventh Circuit explained:

> A genuine risk of multiple liability—being ordered to pay Troy plus the children,
> or Troy plus Jennifer's estate—could provide a justiciable controversy, but Texas
> law eliminates that risk. Section 1103.103 of the Tex. Ins. Code protects insurers
> that pay the named beneficiary when no one else makes a competing claim. At
> oral argument, State Farm's lawyer told us that it was not 'comfortable' relying
> on § 1103.103, but it is not the role of a federal court to provide comfort to
> litigants. Federal courts resolve concrete disputes between real adversaries, and
> this suit lacks such a controversy. Section 1103.103 means that State Farm has
> never faced a realistic prospect of multiple liability.

*State Farm Life Ins. Co. v. Jonas*, 775 F.3d 867, 870 (7th Cir. 2014).

In this case, the applicable statute seems, at first blush, to protect Dr. Braid from double

liability. The Texas statute grants "statutory damages in an amount of not less than $10,000 for

each abortion[.]" Tex. Health & Safety Code Ann. § 171.208(b)(2). That section goes on to

state that "a court may not award relief under this section in response to a violation of Subsection

(a)(1) or (2) if the defendant demonstrates that the defendant *previously paid* the full amount of

statutory damages under Subsection (b)(2) in a previous action for that particular abortion

performed[.]" Tex. Health & Safety Code Ann. § 171.208(c) (emphasis added). If the proper

interpretation of that statute is that defendant is protected from multiple liability, then this Court

has no interpleader jurisdiction. *State Farm Life*, 775 F.3d at 870. This Court, though, reads that

statute as leaving room for double recovery. For if one claimant obtains a judgment against Dr.

Braid but Dr. Braid does not pay the judgment, then another (and another) claimant could obtain

a judgment. Only the payment of the statutory damages (as opposed to a mere judgment

therefor) bars a subsequent court from awarding damages.  So, this Court is not convinced the statute protects Dr. Braid from the risk of multiple liability.

The next oddity of this case is that none of the claimants has standing to sue in federal court.  It is undisputed that none of the claimants was injured by Dr. Braid's actions in performing the abortion.  Each can point to a statutory violation on which to base his claim, but that does not suffice for standing in federal court.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation.  For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.").  None of the three claimants has suffered a concrete and particularized injury.

Courts occasionally dismiss interpleader claimants for lack of standing.  *See Lincoln Benefit Life Co. v. Constance*, Case No. 13 C 4104, 2014 WL 2699757 at *1 (N.D. Ill. June 13, 2014) (dismissing interpleader claimant for lack of standing where her claim was "too speculative to confer standing"); *Aetna Life Ins. Co. v. Frank*, Case No. 19-cv-6259, __ F. Supp.3d __, __, 2022 WL 845651 at *3-4 (S.D. N.Y. March 22, 2022); *Murphy v. United States Dep't of Treasury*, Case No. 2:10-cv-1945, 2012 WL 1155714 at *2 (D. Nev. April 6, 2012); *cf. In re: Coho Energy Inc.*, 395 F.3d 198, 203 (5th Cir. 2004) ("Even a claimant to a fund must show a realistic likelihood of injury in order to have standing.").  It is not, however, an issue that often arises.  That is probably because, in the typical interpleader case, the claimants are fighting over the proceeds of an insurance policy.  Typically, the claimants suffered the same injury—denial of the policy proceeds.  Typically, at least one has standing.  There is, of course, a difference between suffering an injury sufficient to confer standing and actually stating a cognizable claim or prevailing on the merits.  *See Bell v. Hood*, 327 U.S. 678, 682 (1946)

6

("[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.").  That is why the dismissal of a claimant on the merits does not affect jurisdiction to resolve the interpleader suit.  *The Union Central Life Ins. Co. v. Hamilton Steel Products, Inc.*, 448 F.2d 501, 504 (7th Cir. 1971) ("Of course, the claims of some interpleaded parties will ultimately be determined to be without merit. That, however, is the very purpose of the proceeding and it would make little sense in terms of protecting the stakeholder or of doing justice expeditiously to dismiss one possible claimant because another possible claimant asserts the claim of the first is without merit.").  A reasonable person, then, might think the thing to do would be to dismiss each of the three claimants for lack of standing, at which point nothing would remain to do in this case but to close it.  A federal court, having dismissed claims for lack of standing, does not go on to adjudicate defenses; that would be an advisory opinion.

Nonetheless, it seems that three non-justiciable claims can add up to one justiciable interpleader case.  *State Farm Life*, 775 F.3d at 870 ("A genuine risk of multiple liability . . . could provide a justiciable controversy); *Indianapolis Colts*, 741 F.2d at 957 ("Because the sole basis for equitable relief to the stakeholder is the danger of exposure to double liability *or the vexation of conflicting claims*, the stakeholder must have a real and reasonable fear of double liability or vexatious, conflicting claims to justify interpleader."); *see also Texas v. Florida*, 306 U.S. 398, 406-7 ("[T]he sole ground for equitable relief is the danger of injury because of the risk of multiple suits when the liability is single[.] . . . When, by appropriate procedure, a court possessing equity powers is in such circumstances asked to prevent the loss which might otherwise result from the independent prosecution of rival but mutually exclusive claims, a justiciable issue is presented for adjudication which, because it is a recognized subject of equity

7

procedure which we have inherited from England, is a 'case' or 'controversy,' within the meaning of the Constitutional provision[.]"). Here, Dr. Braid has a reasonable fear of vexatious conflicting claims. Jurisdiction is secure.

Before considering Dr. Braid's motion for summary judgment, the Court must address two threshold motions filed by claimants. First, defendant Wolfgang P. Hirczy de Mino ("Hirczy de Mino"), who describes himself as "a resident of Harris County, Texas" [Docket 146 at 2], argues that the Court lacks personal jurisdiction over him. The Court disagrees. Section 2361 of Title 28 allows nationwide service of process for interpleader claims. 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants[.]"); *see also Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 487 (7th Cir. 1984) ("the federal interpleader statute … provides for nationwide service of process."). Generally, statutes that allow for nationwide service of process are "proper, as long as the defendants have adequate contacts with the United States as a whole." *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000). By admitting he is a resident of one of the United States, Hirczy de Mino has admitted the necessary minimum contacts with the United States. The Court may exercise personal jurisdiction over him.

Next, Gomez filed a motion arguing the Court should abstain from deciding this case. Gomez cited the wrong abstention doctrine, but the point is a good one. Because an interpleader suit lies in equity, a district court has discretion not to exercise jurisdiction over a statutory interpleader case. *Koehring Co. v. Hyde Const. Co.*, 424 F.2d 1200, 1202 (7th Cir. 1970) ("Has a federal district court the discretion to dismiss an action in statutory interpleader on grounds of equity and comity, when the interests of the stakeholder and all claimants will be adequately

8

protected in a pending state court proceeding?  The short answer is yes."); *see also US Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 211 (3rd Cir. 1999) ("federal courts should defer to parallel proceedings that pre-date the interpleader") (Alito, J).

This Court agrees with courts which have concluded that the *Brillhart/Wilton* abstention doctrine applies when a court considers whether to exercise its discretion to dismiss an interpleader case.  *See NYLife Distributors, Inc. v. The Adherence Group, Inc.*, 72 F.3d 371, 382 (3rd Cir. 1995) ("We thus hold that the discretionary standard enunciated in *Brillhart* governs a district court's decision to dismiss an action under the interpleader statute during the pendency of parallel state court proceedings."); *Principal Life Ins. Co. v. Crane*, Case No. 16 C 182, 2016 WL 1270516 at *2 (N.D. Ill. March 31, 2016) (exercising discretion under *Wilton/Brillhart* to abstain from interpleader action); *Hartford Life Ins. Co. v. Solomon*, 910 F. Supp.2d 1075, 1084-85 (N.D. Ill. 2012) (exercising discretion to dismiss interpleader action under *Wilton/Brillhart* abstention standard).

In *Brillhart*, the Supreme Court noted that a district court exercising jurisdiction under the Declaratory Judgment Act is "under no compulsion to exercise that jurisdiction."  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).  The Supreme Court explained that, in deciding whether to exercise jurisdiction, a district court:

> should ascertain whether the questions in the controversy between the parties to the federal suit, and which are not foreclosed by the applicable substantive law, *can better be settled in the proceeding pending in state court*.  This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there.

*Brillhart*, 316 U.S. at 495 (emphasis added).  The Seventh Circuit has explained:

> A concern for comity underlies this doctrine.  As the Court put it in *Wilton*, 'where another suit involving the same state law issues is pending in state court, a district court might be indulging in *gratuitous interference* if it permitted the federal declaratory action to proceed.'

*Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir.2014) (emphasis added) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)).

In this case, not only are the claims *best* settled in state court, but the competing claims of the claimants can *only* be settled in state court. That is because, in this action, the Court cannot choose one of the three claimants to prevail. Pursuant to the plain language of the Texas statute, this Court has no means of selecting one winner among the claimants. This Court's option would be either to grant judgment to all three claimants or to grant judgment to none. In other words, either the Court finds for Dr. Braid or it finds for all three of the claimants. That is not the purpose of interpleader. The purpose of interpleader is to choose among the three. Typically, the insurance policy or the relevant beneficiary designations provide the necessary guidance for a court to choose among the claimants. Here, the Texas statute does not provide a basis to choose one among the three claimants.

The Texas statute grants "statutory damages in an amount of not less than $10,000 for each abortion," Tex. Health & Safety Code Ann. § 171.208(b)(2), but "a court may not award relief under this section . . . if the defendant demonstrates that the defendant previously paid the full amount of statutory damages under Subsection (b)(2) in a previous action for that particular abortion performed," Tex. Health & Safety Code Ann. § 171.208(c). Dr. Braid moved for summary judgment but did not put forth any facts (let alone undisputed ones) that demonstrate he has "previously paid the full amount of statutory damages" to any claimant.

Thus, the statute provides no basis from which this Court could select among the three interpleader claimants. The only way for one and only one of the claimants to be entitled to the statutory minimum fine of $10,000 would be for that claimant both to obtain a judgment and to collect upon it. It is, in essence, a race not only to judgment but also to collection. Only when

Braid Short Appendix010

one claimant collects on a judgment would a court be barred from awarding the other two the

$10,000.  This Court would be left with the choice of granting none an award or granting all

three an award of $10,000.  Texas state courts are the only place for the issues to be resolved.

The three claimants here filed three separate suits in Texas state courts.  Once one claimant

obtains a judgment and collects, the other claimants will be barred.  That is the only means of

selecting one winner among the three claimants.  Of course, Dr. Braid may prevail on his

defenses in each suit.

Dr. Braid's defenses can be considered by the Texas courts.  The applicable Texas statute

specifically states:

> Nothing in this section shall in any way limit or preclude a defendant from
> asserting the defendant's personal constitutional rights as a defense to liability
> under Section 171.208[.]

Tex. Health & Safety Code Ann. § 171.209(f).  Here, Dr. Braid asserts as defenses (to the

claimants' non-justiciable claims) his own constitutional rights under the Equal Protection

Clause, the Due Process Clause and the First Amendment.[2]  Courts in Texas are presumptively

competent to adjudicate federal defenses.  *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("state

courts have inherent authority, and are thus presumptively competent, to adjudicate claims

arising under the laws of the United States."); *Choo v. Exxon Corp.*, 486 U.S. 140, 150 (1988)

("Texas state courts … are presumed competent to resolve federal issues."); *see also District of

Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983) (noting "the desirability

of giving the state court the first opportunity to consider a state statute or rule in light of federal

---

[2] Prior to the Supreme Court's decision in *Dobbs v. Jackson Women's Health*, 142 S.Ct. 2228
(2022), Dr. Braid asserted an additional defense.  Now, Dr. Braid limits his defenses to his own
constitutional rights under the First Amendment, Equal Protection Clause and Due Process
Clause.  [Docket 162 at 4].

Braid Short Appendix011

constitutional arguments.  A state court may give the statute a saving construction in response to those arguments.").  Ultimately, those decision are subject to review by the Supreme Court.

 For all of these reasons, the Court exercises its discretion to dismiss this interpleader case.

## IV. CONCLUSION

 The Court denies Hirczy de Mino's motion [146] to dismiss.  The Court grants in part and denies in part defendant Gomez's motion [109] to abstain.  The Court exercises its discretion to decline to exercise jurisdiction over this interpleader case, which is dismissed without prejudice.  The $10,000.00 deposited by plaintiff is hereby released to plaintiff or his counsel. The clerk is directed to release the deposit to plaintiff or his counsel.  The injunction [117] issued June 8, 2022, is hereby vacated.  The Court denies as moot plaintiff's motion [75] for summary judgment.  All other pending motions are denied as moot.  Civil case terminated.

**SO ORDERED.**        **ENTERED: September 16, 2022**

                   **HON. JORGE ALONSO**
                   **United States District Judge**

Braid Short Appendix012

ILND 450 (Rev. 04/29/2016) Judgment in a Civil Action

Case: 1:21-cv-05283 Document #: 175 Filed: 09/16/22 Page 1 of 1 PageID #:2558
Case: 22-2815      Document: 38      Filed: 02/16/2023      Pages: 66

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Alan Braid,

Plaintiff(s),

v.

Oscar Stilley et al,

Defendant(s).

Case No. 21-cv-05283
Judge  Jorge L. Alonso

## <u>JUDGMENT IN A CIVIL CASE</u>

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
       and against defendant(s)
       in the amount of $

          which ☐ includes     pre–judgment interest.
                    ☐ does not include pre–judgment interest.

       Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

       Plaintiff(s) shall recover costs from defendant(s).

---

☐     in favor of defendant(s)
       and against plaintiff(s)

       Defendant(s) shall recover costs from plaintiff(s).

---

☑     other: The Court exercises its discretion to decline to exercise jurisdiction over this interpleader
       case, which is dismissed without prejudice.

---

This action was *(check one)*:

☐ tried by a jury with Judge                           presiding, and the jury has rendered a verdict.
☐ tried by Judge                     without a jury and the above decision was reached.
☑ decided by Judge   Jorge L. Alonso.

Date: 9/16/2022                 Thomas G. Bruton, Clerk of Court

                                Lesley Fairley                 , Deputy Clerk