No. 22–2815

# In the United States Court of Appeals for the Seventh Circuit

| | |
|---|---|
| ALAN BRAID, M.D., | ) On Appeal from the United |
| | ) States District Court for the |
| *Plaintiff-Appellant*, | ) Northern District of Illinois |
| | ) |
| v. | ) District Court Case |
| | ) No. 21–CV–5283 |
| OSCAR A. STILLEY, et al | ) |
| | ) |
| *Defendants-Appellees* | ) Jorge L. Alonso, District Judge |
| | ) |

## APPELLEE OSCAR STILLEY'S MOTION TO LIFT STAY

Comes now Appellee Oscar Stilley (Stilley) and for his motion to lift stay states:

1.     Separate Appellee Felipe Gomez opposes the relief sought herein. Appellant Dr. Alan Braid, M.D., has stated, by and through counsel, that he does not oppose the relief sought herein. Separate Appellee Wolfgang P. Hirczy de Miño, Ph.D., has stated that he does not oppose the relief sought. Stilley inquired of bankruptcy trustee Frank Kokoszka via email, but has not as of this filing heard back as to his position with respect to this motion.

1

2.      Gomez on 3-7-2023 filed a bankruptcy petition, *In re: Felipe Nery Gomez*, ILND Bkr. 23-3023.

3.      Gomez brought the bankruptcy to the attention of this Court, thereby procuring a formal stay of the proceedings of this appeal #22-2815. Dkt. 48.

4.      Gomez in his status report 4-19-2023 stated an intention to extinguish Dr. Braid's claims. Dkt. #50.

5.      The 7th Circuit has ordered Gomez to file another status report by June 12, 2023. Dkt. #51.

6.      Dr. Braid in his unsuccessful motion for summary judgment did not request any attorney's fees at all. ILND 1:21-cv-05283 Dkt. 75.  Nor is such relief suggested in the brief in support. ILND 1:21-cv-05283 Dkt 75-1.

7.      The purported "claim" against Gomez is not a debt in any normal sense of the word.

8.      Gomez' Schedule E/F Part 4 (ILND Bkr. 23-3023 Dkt. 22) lists 10 purported creditors related to this appeal. The amounts are always "unknown," continuing, disputed, and contingent. Gomez generally claims that he faces some combination of attorney's fees, costs, or damages.

9.      Stilley is not a listed creditor in Gomez' bankruptcy pleadings.

10.     Gomez does not claim anything with respect to the Braid litigation as an asset of the bankruptcy estate.

WHEREFORE, Stilley respectfully requests an order lifting the stay of briefing, and issuing the customary scheduling order, granting Appellees 30 days to file a response brief; and for such other and further relief as may be appropriate whether or not specifically requested.

### BRIEF IN SUPPORT OF MOTION

Separate Appellee Felipe Nery Gomez, (Gomez) filed a "suggestion of bankruptcy," and procured a stay of proceedings in this appeal. Dkt. 44, pg. 3.  He claimed that the bankruptcy automatic stay operated as a stay of this litigation. He took the position that the Braid appellate litigation cannot proceed absent an order in bankruptcy court, "and any appeal thereof." *Id*.

The 7th Circuit stayed these appellate proceedings, setting a schedule for a status report. Dkt. 48.

Gomez made it abundantly clear that he would use the bankruptcy proceedings to punish anyone who arguably violates the automatic stay. Stilley therefore filed a motion in bankruptcy court, seeking to lift the automatic stay as to this litigation. Chief Judge Benjamin A. Goldgar on

5-22-2023 denied the motion, saying that Stilley was in the wrong court. He said that the 7th Circuit generally gave him orders, rather than taking orders from him.

Dr. Braid has already filed his opening brief on appeal. Stilley intends to timely file an appellee's brief. The other appellees will have the opportunity to join Stilley's brief, in whole or in part, or file their own brief.

Most of the ten parties[1] listed by Gomez as creditors were involved in litigation seeking interpleader, declaratory, and injunctive relief related to Texas SB8, a law regulating abortion. See the prayer for relief at ILND 1:21-cv-5283, Dkt. 1, pg. 23. Dr. Braid deposited $10,000 into the registry of the court, saying that he was entitled to that money, rather than any of the three interpleader defendants, all of whom had filed suits under Texas SB8. Texas SB8 guarantees a successful litigant not less than $10,000 per defendant per abortion sued upon.

Dr. Braid in his motion for summary judgment didn't ask the district court to award attorney's fees or costs. ILND 1:21-cv-05283 Dkt. 75. Nor is such relief suggested in the brief in support. ILND 1:21-cv-05283 Dkt

---

[1]     Dr. Braid and 8 lawyers are listed in Gomez' bankruptcy papers as creditors. Also listed is a charitable organization.

75-1. In the interests of full disclosure, Dr. Braid's original complaint did list attorney's fees in the prayer for relief, probably as boilerplate text.

Gomez' alleged fear of economic liability for attorney's fees, costs, or damages from the Braid litigation appears to be contrived. Gomez has a reputation for being litigious. He is judgment proof or nearly so – witness the current bankruptcy filing. It is difficult to think of a plausible reason why Dr. Braid or his lawyers would seek pre-petition attorney's fees, costs, or damages from him.

The automatic stay does not apply to all forms of litigation. Consider the following passage from *Paden v. Union for Experimenting Colleges, Etc.*, 7 B.R. 289, 291 (Bankr. N.D. Ill. 1980):

> The automatic stay should not apply to every action already pending in a non-bankruptcy court to which the bankrupt is a party. *Connell v. Walker,* 291 U.S. 1, 5, 54 S.Ct. 257, 258, 78 L.Ed. 613 (1933). A suit which contemplates some relief other than the collection of a scheduled debt is not to be stayed, as its prosecution would not ordinarily interfere with the bankruptcy proceeding. *In re Shenberg,* 433 F. Supp. 677, 680 (N.D.Ill. 1977). Indeed, certain types of actions which are directly relevant to the instant case have been exempted from an automatic stay order. *See e. g., Power-Pak Products v. Royal-Globe Insurance Co., supra,* 433 F. Supp. at 686-687 (declaratory relief not covered by Rule 11-44 stay; such an action is not a claim for which a discharge would be a release); *Brennan v. TT Trucking, Inc.,* 396 F. Supp. 615, 617 (N.D.Okla. 1975) (suits for injunctive relief are not automatically stayed upon filing of bankruptcy petition).

To the extent that this Court deems such necessary, the stay could

be lifted with a proviso that the stay is not lifted with respect to any monetary claim accrued before the date of the filing of Gomez' bankruptcy petition.

Gomez isn't obligated to do any further work on this appeal. Gomez should feel free to join Stilley's response brief, or such parts thereof with which he agrees. Stilley will cooperate with his fellow appellees, to limit the burden on Gomez, de Mino, and the 7th Circuit panel assigned to this appeal. Gomez should also feel free to maintain silence and let the 7th Circuit rule. Gomez has nothing of economic value to lose if Stilley gets the relief he seeks.

**CONCLUSION**

This Court should lift the stay and set the customary briefing schedule, to allow the parties to pursue this appeal to its logical conclusion.

Respectfully submitted,

By: /s/ Oscar Stilley                May 26, 2023
Oscar Stilley                        Date
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax

oscarstilley@gmail.com

## CERTIFICATE OF SERVICE

Oscar Stilley by his signature above certifies that on the date stated above he filed and served this pleading via CM/ECF, and that all parties entitled to service will be served electronically.  Stilley also will serve Wolfgang P. Hirczy de Miño, Ph.D., with a filemarked copy via email at wphdmphd@gmail.com, and bankruptcy trustee Frank Kokoszka via email at trustee@k-jlaw.com promptly upon receiving the filemarked version of this pleading.